UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2008-73 (WOB)

JIM HYDE                                                    PLAINTIFF

VS.                    MEMORANDUM OPINION and ORDER

DAYTON, KENTUCKY CITY
ADMINISTRATION, ET AL                                      DEFENDANTS


On October 26, 2009, oral argument was held on the plaintiff's motions for summary judgment (Docs. 37 & 38) and defendants' motion for summary judgment (Doc. 36).  Robert Poole represented the plaintiff and Jeffrey Mando represented the defendants.  Official court reporter Joan Averdick recorded the proceedings.

This is a § 1983 action brought by the plaintiff against the defendants for their involvement in removing his personal property, which consisted of "salvage materials" and what he calls collectibles, from his property.  In addition, plaintiff asserts that the defendants conspired to deprive him of his civil rights in violation of 42 U.S.C. § 1985.  Plaintiff also asserts state law claims for trespass, conversion and intentional infliction of emotional distress.  The court finds that the parties' agreement of December 5, 2006 controls and constitutes a

1

waiver of plaintiff's claims.

For the last thirty-three years, the plaintiff has been in a dispute with the City of Dayton concerning the "salvage materials" stored on his two acres of property. During this time period, the City has cited the plaintiff multiple times for violating city ordinances.

In August 2006, the City issued seven citations, and fined the plaintiff $68,000 for failing to cleanup his property. Mr. Hyde filed a notice of his intent to appeal the citations and requested a hearing. Before the hearing, Hyde filed suit in Campbell Circuit Court challenging the citations and fine.

In an attempt to resolve the matter without further litigation, the City and Hyde negotiated a settlement. Pursuant to the terms of the contract, Hyde agreed to remove items from his property, which the City identified as being out of code, and, if he failed to do so, the City was authorized to enter his property and remedy the code violations. On November 27, 2006, the parties executed an "informal agreement," which set forth the material terms of their agreement and stated that a formal agreement would be executed within three days. The "informal agreement" provided that the parties would agree on a third-party arbitrator, who would have the final determination on whether Hyde's property met code.

On December 5, 2006, the parties executed a formal agreement. This agreement, however, did not provide that Hyde would participate in the selection of the arbitrator. Instead, the agreement provided:

> On March 6, 2007, or thereafter but with reasonable notice to Hyde, City inspectors and a third party arbitrator shall be permitted to enter upon the premises, with or without Hyde and his attorney present in their discretion, to determine if the listed items are removed from the premises and if the violations of code have been remedied. The third party arbitrator shall be a code official at a local municipality other than City. If no such official is available, the arbitrator shall be [a] certified code professional.

(Doc. 36-9).

The City performed the inspections set forth in the agreement, and notified Hyde that the arbitrator had found that his property was still in violation of the City's code. Hyde's counsel notified the City that it considered the City's unilateral selection of the third-party arbitrator to be a breach of their agreement. The letter further stated that Hyde was refusing entry on his property. Pursuant to the agreement, the City entered plaintiff's property and removed the offending items.

The plaintiff argues that the City's unilateral selection of the arbitrator was in violation of the agreement and, therefore, he was entitled to repudiate the agreement. The court finds, however, that the final contract did not require the City to consult with Mr. Hyde on the selection of the arbitrator, and,

3

therefore, there being no allegations of fraud,[1] the prior negotiations and agreements merged into the final agreement. *See Childers & Venters, Inc. v. Sowards*, 460 S.W.2d 343, 345 (Ky. 1970) (quoting *Hopkinsville Motor Co. v. Massie*, 15 S.W.2d 423, 424 (1929)) ("[w]here the parties put their engagement in writing all prior negotiations and agreements are merged in the instrument, and each is bound by its terms unless his signature is obtained by fraud or the contract be reformed on the ground of fraud or mutual mistake, or the contract is illegal").

In addition, plaintiff conceded during oral argument that the third-party arbitrator, selected by the City, was a code official at a local municipality. Thus, the court finds that the defendants' selection of the third-party arbitrator met the requirements of the contract.

Therefore, the court finds that Mr. Hyde waived his constitutional rights under the Fourth, Fifth and Fourteenth Amendments by entering into the agreement with the City. In the contract, Hyde specifically agreed that, if he failed to remove the requested items, the City could immediately remedy all code violations without further action.[2] Thus, the defendants are

---

[1] Although the plaintiff is illiterate, he testified that his counsel read the December 5, 2006 agreement to him before he signed it. (Hyde depo. pp. 54-55, 58-59, 68).

[2] The contract further provided: "If the arbitrator certifies that not all of the items listed for removal have been removed or not all of the code violations to be remedied have been remedied,

4

entitled to summary judgment on plaintiff's § 1983 claims.

The court also finds that the defendants are entitled to summary judgment on plaintiff's claim under 42 U.S.C. § 1985, because the plaintiff has not presented any evidence that the defendants intended or attempted to deny his rights based on his race or other classification.

Plaintiff's state law claims for trespass and conversion must also be dismissed. The December 5, 2006 contract between the parties gave the City permission to enter plaintiff's property and remedy the violations if Hyde failed to remove the items himself. Accordingly, the court finds that, by operation of the agreement, the City had Hyde's consent to enter his property and remove the offending items. Therefore, Hyde cannot prevail on either a trespass or conversion claim. *Rumell v. Barden & Robeson Corp.*, Nos. 2006-CA-1945, 2006-CA-2019, 2007 WL 4277890 *4 (Ky. Ct. App. Dec. 7, 2007)(trespass occurs when person enters property without possessor's consent); *State Auto. Mut. Ins. Co. v. Chrysler Credit Corp.*, 792 S.W.2d 626, 627 (Ky. Ct. App. 1990) (conversion is the wrongful exercise of dominion and control over another's property).

Plaintiff's state law claim for intentional infliction of

---

the City and/or its agents **can immediately, and without further action**, remove all items required to be removed to meet all code requirements and to remedy all violations of code requirements required to meet all code requirements." (Doc. 44-3, p. 2) (emphasis added).

emotional distress, which is also known as the tort of outrage, also fails.  Hyde has not established that the defendants' conduct was outrageous or that he suffered from severe distress. *Humana of Kentucky, Inc. v. Seitz,* 796 S.W.2d 1, 2-3 (Ky. 1990).  Accordingly, the defendants are entitled to summary judgment on this claim.

The plaintiff is, however, entitled to summary judgment on Fender's Wrecking Services' counterclaim.  Fender's asserts that Hyde owes it $20,612.00 for towing 18 vehicles from his property.  The counterclaim states, however, that the City, not Hyde, contracted with Fender's to perform this service.  No evidence has been introduced to support Fender's claim that Hyde is responsible for the amount owing Fender's under its contract with the City.  Accordingly, plaintiff is entitled to summary judgment on the counterclaim.

Therefore, the court being sufficiently advised,

**IT IS ORDERED** that:

1.  Defendants' motion for summary judgment (Doc. 36) be, and it is, hereby **GRANTED**;

2.  Plaintiff's motion for summary judgment on his claims (Doc. 37) be, and it is, hereby **DENIED**;

3.  Plaintiff's motion for summary judgment on Fender's Wrecking Service's counterclaim be, and it is, hereby **GRANTED**; and

4.  This action shall be **dismissed** from the docket of this court.  A separate judgment shall enter concurrently herewith.

This 28th day of October, 2009.



Signed By:
William O. Bertelsman   WOB
United States District Judge

TIC: 20 min.